A89A1159. WILLIAMS v. CITY OF PEACHTREE CITY.
(385 SE2d 680)

BANKE, Presiding Judge.

The appellant petitioned the Superior Court of Fayette County for certiorari to review his convictions in the Municipal Court of Peachtree City of driving under the influence of alcohol and driving without insurance. On motion by the city, the trial court dismissed the petition on the ground that it erroneously sought, via one application, review of two separate convictions. See *Continental Wrecking Co. v. City of East Point*, 81 Ga. App. 69 (57 SE2d 699) (1950). Thereafter, the appellant filed a separate petition seeking review of his DUI conviction. The trial court granted the appellee's motion to dismiss this petition on res judicata grounds, concluding that the previous dismissal operated as an adjudication on the merits. The case is before us pursuant to our grant of the appellant's application for a discretionary appeal. See generally OCGA § 5-6-35 (a) (1). *Held*:

The dismissal of the initial certiorari petition clearly was predicated on the court's lack of jurisdiction to entertain a single petition seeking review of two separate convictions. See *Continental Wrecking Co. v. City of East Point*, supra; *Holtzendorf v. State*, 78 Ga. App. 801 (1) (52 SE2d 624) (1949). Pursuant to OCGA § 9-11-41 (b), a dismissal for lack of jurisdiction does not operate as an adjudication on the merits. It follows that the appellant was not barred by the doctrine of res judicata from filing a new petition to the superior court seeking review of his DUI conviction, with the result that the trial court erred in granting the city's motion to dismiss.

*Judgment reversed. Sogner and Pope, JJ., concur.*

DECIDED JUNE 28, 1989.

*Virgil L. Brown & Associates, Virgil L. Brown*, for appellant.
*Glover & Davis, Michael E. Sumner*, for appellee.